IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT GODFREY,

                Plaintiff,                 OPINION AND ORDER

v.

                                              22-cv-700-wmc

KILOLO KIJAKAZI,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

Plaintiff Robert Godfrey seeks judicial review of a final decision of the Acting Commissioner of the Social Security Administration, finding him not disabled within the meaning of the Social Security Act. Specifically, Godfrey contends that Administrative Law Judge Ahavaha Pyrtel ("ALJ") failed to consider that his persistent pain disrupts his attention and concentration. Because the court agrees, the Acting Commissioner's denial of benefits will be reversed and remanded for further proceedings consistent with this opinion.

BACKGROUND

A. Application and medical history

Godfrey applied for disability benefits and supplemental security income in August 2020, based on impairments from heart disease, hypertension, hyperlipidemia, type 2 diabetes, degenerative disc disease, bilateral arthritis in his knees, sleep apnea, edema and obesity. (AR 213-17, 298.)[1] His alleged onset date is October 24, 2018, when he was 43 years old. (AR 213.)

---

[1] Citations are to the administrative record. (Dkt. #10.)

Dr. Jessica Sosso, Godfrey's primary care provider, also noted his many chronic conditions, including type 2 diabetes, hyperlipidemia, diabetic neuropathy, morbid obesity and chronic pain syndrome. (*E.g.*, AR 452-53.) She further noted that, these conditions caused him, among other symptoms, pain in his back, joints and muscles, as well as shooting pain in his extremities. (AR 451-52.) Godfrey takes a host of prescribed drugs for his conditions, including Percocet to relieve pain. (AR 477-78.) In 2019, Dr. Sosso reported that he was taking Percocet three times a day for pain, and by January 2020, reported that he was taking Percocet four times a day for pain and was using the prescribed amount earlier than expected. (AR 451, 461-62, 492.)

In connection with Godfrey's disability application, Dr. Sosso completed physical work capacity and pain questionnaires in September 2020 and May 2022, each documenting how Godfrey's conditions affected his ability to work. (AR 737-44, 2204-11.) Although there were some differences between the reports, Dr. Sosso generally concluded that Godfrey had a limited ability to walk, stand, lift things and sit, and would need regular breaks. (*Id.*) Dr. Sosso added that Godfrey would need to alternate from sitting to standing, take unscheduled breaks, miss about 3 days of work per month and elevate his feet some of the time at work. (*Id.*) In September 2020, Dr. Sosso further noted that Godfrey's "experience of pain or other symptoms" was severe enough to "often" interfere with his attention and concentration. (AR 739.) By May 2022, Dr. Sosso stated that Godfrey's "experience of pain or other symptoms" was severe enough to "frequently" interfere with his attention and concentration. (AR 2206.) However, Dr. Sosso neither defined "often" nor "frequently."

In connection with his disability application, Godfrey also underwent a consultative physical examination by Dr. Katrina Hammel.  (AR 945-50.)  Dr. Hammel noted that Godfrey "chronically" took Percocet for his knee and back pain.  (AR 946.)  However, she noted that Godfrey had normal speech, memory, concentration and affect at the time of the exam.  (*Id.*)  She added that his ability to stand, walk and lift things was limited, but that he could sit without limit.  (AR 950.)  After Dr. Hammel examined Godfrey, two non-examining agency consultants reviewed his medical records.  During the initial review, Dr. Pat Chan noted in March 2021, that an unspecified condition interfered with Godfrey's ability to "stand/walk/concentrate."  (AR 101.)  Still, Dr. Chan determined that Godfrey was then capable of light work with occasional squatting, kneeling and crawling.  (AR 79.)  Later that same year, on reconsideration, Dr. Mina Khorshidi also reviewed Godfrey's medical records and concurred with Dr. Chan's assessment.  (AR 114-20.)

In addition, Godfrey, his roommate and his sister completed function reports in support of his application.  In Godfrey's own report, he stated that:  his conditions interfered with his ability to concentrate; he woke up due to pain several times per night; and his ability to concentrate "varie[d] with [his] pain level."  (AR 324-25, 329.)  Godfrey's roommate stated in her function report that his pain level was "so high" that he could not concentrate enough to play cards, and she noted that his ability to pay attention depended on the situation.  (AR 319-20.)  In contrast, Godfrey's sister indicated in her report that he could pay attention "as long as necessary."  (AR 311.)

3

B. ALJ Hearing and Decision

At a hearing before the ALJ in May 2022, Godfrey testified he took Percocet for pain, but the drug did not take his pain away completely. (AR 59.) Godfrey added that he had difficulty staying in one position because the pain would begin the moment he sat down, and eventually, he would have to change positions to relieve the pain. (AR 53-54.) Finally, the vocational expert testified that regularly being off task for 15 percent or more of a workday would preclude his gainful, full-time employment. (AR 65.)

After the hearing, the ALJ issued a decision unfavorable to Godfrey (AR 14-26), despite finding that he had the following severe impairments: degenerative disc disease, osteoarthritis, diabetes and obesity. (AR 17-18.) In summarizing Godfrey's treatment history, the ALJ also noted that he was "continued on Percocet." (AR 21.)

As for the medical opinions, the ALJ found Dr. Sosso's opinion partially persuasive because his obesity, limited knee and hip range of motion, diminished sensation in his feet on one occasion and antalgic gait,[2] all supported his claim of limited ability to stand or walk. (AR 22.) However, the ALJ noted Dr. Sosso had also determined that Godfrey had good strength in his extremities and only mild swelling, which did not support Dr. Sosso's finding that he needed unscheduled breaks to elevate his legs and lie down at work, as well as excessive absences. (*Id.*) Next, the ALJ found Dr. Hammel's opinion generally persuasive based on her physical examination of Godfrey. (AR 23.) Finally, the ALJ found Drs. Chan's and Khorshidi's opinions based on their review of Godfrey's medical records

---

[2] An antalgic gait is a limp caused by pain. *Gait Disorders and Abnormalities*, Cleveland Clinic, https://my.clevelandclinic.org/health/diseases/21092-gait-disorders.

only partially persuasive because his limited ability to stand and walk made sedentary work more appropriate than light work.  (*Id.*)

Specifically, based on these medical opinions and records, the ALJ found that Godfrey retained the residual functional capacity to perform sedentary work, with some additional exertional capabilities, including occasionally climbing ramps and stairs, kneeling, crouching and crawling, but never climbing ladders, ropes or scaffolds.  (AR 19.)  The ALJ also found that Godfrey's medical impairments could be reasonably expected to cause his alleged symptoms, but that his statements regarding the intensity, persistence and limiting effects of those symptoms were not "entirely consistent" with the medical evidence and other evidence of record.  (AR 20.)  More specifically, the ALJ acknowledged Godfrey's assertions that he had limited mobility because of pain, his need to change positions frequently, and elevate his legs due to swelling in his ankles, diminished sensation in his feet, an antalgic gait and limited range of motion in his knee.  (AR 23-24.)

In contrast, the ALJ found that Godfrey still walked 2 to 3 times per day, for 10 minutes at a time, without an assistive device, *and* he could tend to his own personal care, mow on a riding lawn mower, grocery shop, prepare meals and wash dishes.  (*Id.*)  Finally, the ALJ found that Godfrey had good strength and only limited edema.  (AR 24.)  Thus, the ALJ concluded that Godfrey could perform sedentary work with additional postural limitations and was *not* eligible for disability payments.  (AR 23-24.)  Godfrey appealed the ALJ's findings, but the Appeals Council ultimately denied his request for additional review.  (AR 1-4.)

OPINION

Plaintiff contends that the ALJ failed to consider properly the opinion of his treating physician, Dr. Sosso, that Godfrey's persistent pain interfered with his ability to concentrate. Thus, the question before this court is whether the ALJ's decision is supported by "substantial evidence," meaning "sufficient evidence to support the agency's factual determinations" or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation marks omitted and alteration adopted). In applying this standard, reviewing courts may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination." *Reynolds v. Kijakazi,* 25 F.4th 470, 473 (7th Cir. 2022) (quotation marks omitted). However, the ALJ must also explain his or her "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

Although otherwise thorough, the ALJ's decision simply does not address substantial evidence regarding Godfrey's difficulty concentrating due to pain. *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995) ("An ALJ's failure to consider an entire line of evidence falls below the minimal level of articulation required."). Specifically, Dr. Sosso opines in her physical work capacity and pain questionnaires that Godfrey's "experience of pain" would "often" or "frequently" interfere with his concentration.[3] In fairness, as the Commissioner emphasizes, Dr. Sosso did not define "often" or "frequently." Still, other

---

[3] Although the questionnaires also inquire about the experience of "other symptoms," both plaintiff and the Acting Commissioner focus on evidence of Godfrey's "pain" alone, so the court will do the same.

6

evidence about the effects of Godfrey's pain on his concentration support a conclusion that his concentration would be off task for some period of each day, which could be work preclusive according to the vocational expert.

Certainly, the ALJ did not have to consider or address *every* piece of evidence, nor every line of a medical opinion. *Diaz*, 55 F.3d at 307-08. However, Dr. Sosso's repeated opinion that Godfrey would have difficulty concentrating because of pain was well supported and deserving of *some* discussion. First, Dr. Sosso was aware of Godfrey's ongoing pain, having credibly reported back, joint and muscle pain, along with shooting pain in his extremities. Second, both Godfrey's and his roommate's function reports supported the doctor's conclusion that pain interfered with his ability to concentrate. In particular, Godfrey reported that his ability to concentrate was dependent upon his pain level, and his roommate explained that his pain was so bad that he could not even play cards. Third, in addition to concentration-specific evidence, the record shows that Godfrey was *generally* in a lot of pain: (1) taking up to four Percocet per day with that drug still not entirely eliminating his pain; (2) waking up from pain several times per night; and (3) experiencing pain from the moment he sat down, then needing to change positions within minutes of sitting down to relieve the pain.

Nevertheless, the Commissioner argues that Dr. Sosso's statements about Godfrey's pain interfering with his ability to concentrate in a work setting were not "medical opinions" under 20 C.F.R. § 404.1513(a)(2). However, taking each work capacity and pain questionnaire as a whole, the questionnaires qualify as "medical opinions" under § 404.1513(a)(2). Indeed, each discusses Godfrey's ability to work despite his limitations

7

*and* explains his impairment-related limitations in terms of his ability to perform certain work requirements. *Tonn v. Kijakazi*, No. 20-C-1491, 2022 WL 35718, at *5 (E.D. Wis. Jan. 4, 2022) (a statement is a "medical opinion" when it (1) "[is] a medical source statement about what the claimant can still do despite her limitations" and (2) "express[es] the claimant's impairment-related limitations or restrictions in terms of [his] ability to perform certain demands of work").

Nor did the ALJ "indirectly" account for Godfrey's inability to concentrate by adopting the opinions of Drs. Hammel, Chan and Khorshidi, because none of those doctors' opinions addressed Godfrey's inability to concentrate because of pain. *Cf. Skarbek v. Barnhart*, 390 F.3d 500, 502-04 (7th Cir. 2004) (concluding that the ALJ had indirectly considered plaintiff's obesity by crediting doctors' opinions that considered his obesity).

Finally, as the Commissioner also points out, there is *some* evidence contradicting Dr. Sosso's opinion about Godfrey's inability to concentrate, but as explained above, there was also substantial evidence supporting her opinion, and the ALJ addressed neither in her opinion. For example, as noted, Godfrey's sister reported that he could pay attention "as long as necessary," and Dr. Hammel found Godfrey had a normal ability to concentrate when she examined him. Further, the evidence *specifically* addressing Godfrey's pain-related difficulty concentrating is relatively limited; only Dr. Sosso's, Godfrey's and his roommate's reports directly ascribe his difficulty concentrating to pain. However, there was *ample* evidence that Godfrey experienced lots of pain and at least *some* evidence that he had trouble concentrating due to that pain, making the ALJ's failure to address his pain-related, concentration issues at all reversible error.

ORDER

IT IS ORDERED that the decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, denying plaintiff Robert Godfrey's application for disability benefits and supplemental security income is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for consideration of additional evidence and to address the impact of plaintiff's persistent pain on his employability.

Entered this 3rd day of January, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge